859 F.2d 149
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Melvin Edward GARDNER, Jr., Mary Elizabeth Gardner,
individually, and as parents and next friends of Michael
Charles Gardner and Angela Yvette Gardner, Burgess L.
Waybright, Jr., Gloria A. Waybright, individually, and as
parents and next friends of David L. Waybright, Stephen
Daryl Wittig, Deborah Ann Wittig, individually, as as
parents and next friends of Stephanie Ann Wittig and Joanna
Lynn Wittig and Amy Marie Wittig, Norman Carlton Blades,
Jr., Marion Susanne Blades, individually, and as parents and
next friends of Shannon Marie Blades, Michael Henry
Trageser, Susan Lynn Trageser, individually, and as parents
and next friends of Jessica Marie Trageser and Sarah
Victoria Trageser and Joseph Michael Trageser, Richard Alan
Young, Dorothy Young, individually, and as parents and next
friends of Brandi Lynn Young, Elwood Lee Fletcher, Jr.,
Nancy Elizabeth Fletcher, individually, as a parents and
next friends of Christopher Lee Fletcher and Eric Joseph
Fletcher, William Thomas Busch, III, Barbara Ann Busch,
individually, and as parents and next friends of Barbara
Christine Busch and Gina Marie Busch, Glen Walter Tudor,
Teresa Hales Tudor, individually, and as parents and next
friends of Amanda Ashley Tudor, Richard W. Sadler, Joyce J.
Sadler, individually, and as parents and next friends of
Sonya W. Sadler and Simone J. Sadler, Plaintiffs-Appellants,
v.
William K. HELLMANN, individually, and in his capacity as
Secretary of the Maryland Department of Transportation,
Theodore E. Mathison, individually, and in his capacity as
State Aviation Administrator, Adele Wilzack, Secretary,
Department of Health and Mental Hygiene, Defendants-Appellees.
 No. 88-3942.
 United States Court of Appeals, Fourth Circuit.
 Argued July 7, 1988.
Decided Sept. 14, 1988.
 
 Phillips Paul O'Shaughnessy (Robert W. Guth, Sandbower, Gabler & O'Shaughnessy, P.A., Joseph A. Miklasz on brief) for appellants.
 Carmen Mercedes Shepard, Assistant Attorney General (J. Joseph Curran, Jr., Attorney General, Evelyn O. Cannon, Assistant Attorney General, Peter W. Taliaferro, Assistant Attorney General, State Aviation Administration, Jeffrey E. Howard, Assistant Attorney General, Department of the Environment on brief) for appellees.
 Before HARRISON L. WINTER, Chief Judge, and MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiffs, Melvin Edward Gardner, Jr., et al., are ten individuals who own homes near Baltimore-Washington International Airport (BWI), an installation now owned and operated by the State of Maryland, that they allege have been rendered uninhabitable as a result of an expansion, including increased number and rerouting of flights, at BWI. Plaintiffs' complaint alleged that defendants, state officials associated with administering BWI, (1) deprived plaintiffs of rights, privileges and immunities secured by the fourteenth amendment; (2) subjected plaintiffs to a taking without just compensation in violation of the fourteenth amendment and state law; and (3) subjected plaintiffs to a continuing trespass in violation of state law. Accepting in part the recommendation of a magistrate, the district court dismissed the suit in its entirety. Plaintiffs appeal. We affirm.
 
 I.
 
 2
 After defendants filed a motion to dismiss plaintiffs' complaint the case was referred to a magistrate. The magistrate concluded that the taking claim was not ripe for decision since plaintiffs had not exhausted available state judicial remedies. Since plaintiffs had filed an action in state court, however, the magistrate recommended that this aspect of the federal action be stayed pending resolution of the state case. The magistrate also recommended dismissing monetary claims against defendants acting in their official capacities on eleventh amendment grounds, because the suit was, in essence, against the state. See Edelman v. Jordan, 415 U.S. 651, 663 (1974). Finally the magistrate recommended that the motion to dismiss be denied with respect to the remaining claims, namely, nonmonetary relief against officials acting in their official capacities, and monetary relief against officials in their individual capacities.
 
 
 3
 Defendants objected to the magistrate's report and recommendation; plaintiffs did not. The district court concluded to dismiss plaintiffs' lawsuit in its entirety. It was of the view that any monetary relief recovered against the officials would, in fact, be paid by the state, and because Maryland had not waived its eleventh amendment immunity, plaintiffs could not recover damages. For claims against defendants in their individual capacities, it ruled that defendants were entitled to qualified immunity. Since plaintiffs had not exhausted state remedies, defendants, in fact, did not violate plaintiffs' clearly established constitutional rights. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).
 
 
 4
 Plaintiffs appeal contending that the magistrate and the district court erred in failing to consider their due process and equal protection claims. While defendants maintain that plaintiffs failed to identify these claims in their complaint, in fact, plaintiffs did claim a denial of due process in their complaint. Plaintiffs did not claim, however, a violation of equal protection. Nonetheless, because that claim is so related to the claim of denial of due process and is readily answerable, we will address it on the merits.
 
 II.
 
 5
 Before us, plaintiffs advance three contentions. First, plaintiffs argue that because the expansion at BWI rendered their properties uninhabitable, and because Maryland failed to initiate condemnation proceedings, defendants engaged in a taking without just compensation. Second, plaintiffs argue that because Maryland law requires pre-deprivation process when the state takes property pursuant to its power of eminent domain, Md.Real Prop.Code Ann. Sec. 12-207 (1988), plaintiffs were further denied due process of law. Finally, plaintiffs contend that because Maryland law proscribes residential land usage in areas with noise levels lower than those that plaintiffs allege are present on their properties,[1] see Md.Transp.Code Ann. Sec. 5-804 (1977); Md.Admin.Code (COMAR, Trans. Title) 11.05.03.03, defendants violated plaintiffs' right to equal protection by subjecting them to noise levels rendering their properties uninhabitable while protecting those who have not yet moved into the same land area or areas similarly situated. The first two arguments comprise plaintiffs' due process claim; the third constitutes their equal protection claim.
 
 III.
 
 6
 Plaintiffs acknowledge, as they must, that for claims of taking without compensation by a state, post-deprivation process is constitutionally adequate. Ruckelshaus v. Monsanto Co., 467 U.S. 986, 1016 (1984) ("The Fifth Amendment does not require that compensation precede the taking."); Williamson County Regional Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 195 n. 14 (1985) ("Unlike the Due Process Clause, ... the Just Compensation Clause has never been held to require pretaking process or compensation."); Yates v. Jamison, 782 F.2d 1182 (4 Cir.1986) (state remedy of suit for inverse condemnation is adequate remedy for alleged taking without compensation). As we see it, plaintiffs attempt in this appeal to assert that what is a taking claim is, rather, a denial of due process. They do so, because the Supreme Court has held that for certain instances of deprivations of property by the state, those constituting a denial of due process, post-deprivation process is constitutionally inadequate. See, e.g., Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 543 (1985) (Civil servants who could only be discharged for cause were entitled to pre-deprivation hearing on the ground that such hearing may provide "the only meaningful opportunity to invoke the discretion of the decision maker...."); cf. Parratt v. Taylor, 451 U.S. 527 (1981) (person deprived of property through random, unauthorized taking is only entitled to post-deprivation process).
 
 
 7
 Plaintiffs' effort to define their taking claim as a violation of due process, however, suffers two flaws. First, unlike Loudermill, 470 U.S. 532, the basis for plaintiffs' due process claim arises strictly under state law. In Loudermill, the tenured employees claimed that the procedures employed by the municipality in discharging them violated federal due process. In this case, plaintiffs cannot make that claim since under Hamilton Bank, 473 U.S. 172, a state need only provide post-deprivation relief for a physical taking of property. Therefore, plaintiffs resort to the argument that they were denied due process as a result of Maryland's failure to observe its own procedures requiring pre-deprivation relief. Since the alleged taking has already occurred, however, plaintiffs' suit is essentially for monetary relief. This the eleventh amendment will not allow. Edelman, 415 U.S. at 663.
 
 
 8
 Second, even if the eleventh amendment were not a bar to suit, it is doubtful that the deprivation in this case amounts to a violation of due process. Unlike Loudermill, 470 U.S. 532, a pre-deprivation hearing does not appear necessary since Maryland's authority to invoke its power of eminent domain is unquestioned. If it is assumed that a taking has occurred, an issue to be determined pursuant to an inverse-condemnation proceeding under Maryland law, the sole question is the value of the property at the time of the taking. Hamilton Bank, 473 U.S. 172, clearly indicates that a post-deprivation hearing is adequate for that purpose.
 
 
 9
 Finally, plaintiffs' effort to distinguish Parratt, 451 U.S. 527, on the ground that here the alleged taking was not random or the result of negligence is not persuasive. Even if the taking was deliberate, the availability of a post-deprivation remedy defeats plaintiffs' claim of a constitutional violation. In sum, therefore, plaintiffs cannot recover under the due process clause because their claim is, in fact, no more than a mislabeled state law claim barred from suit in federal court by the eleventh amendment.
 
 
 10
 Plaintiff's equal protection claim is also meritless. If plaintiffs are correct in the allegation that their property is uninhabitable, they will recover in their inverse-condemnation proceeding in state court and will, therefore, be equally protected.
 
 
 11
 With regard to disparate regulatory treatment, plaintiffs are not members of a protected class. To the extent that Maryland's enforcement of noise regulation treats plaintiffs, whose residences were built before the expansion at BWI, differently from those who have not yet constructed residences, Maryland need only satisfy a rational basis test. See Schweiker v. Wilson, 450 U.S. 221, 230 (1981). We think it rational to proscribe new residential development in an area of an airport without undertaking to provide comparable protection to the owners of the existing residential construction. Manifestly the two types of owners are differently circumstances.
 
 
 12
 With respect to plaintiffs' claims against defendants in their individual capacities, defendants are immune from suit unless their conduct "violate[d] [a] clearly established statutory or constitutional right[ ] of which a reasonable person would have known." Harlow, 457 U.S. at 818. We think that the district court correctly concluded that in authorizing the expansion of BWI, defendants did not contravene plaintiffs' clearly established constitutional rights.
 
 III.
 
 13
 While plaintiffs' complaint asks for any other relief the court may deem appropriate, it is clear that the thrust of plaintiffs' claim is for monetary relief. Since plaintiffs cannot and do not challenge the state's authority to expand the airport and effectively condemn their property, but rather challenge only the procedure through which they are compensated, the conclusion that they are not seeking an injunctive remedy appears inevitable. The suit is therefore barred under Edelman, 415 U.S. 651.
 
 
 14
 Finally, because the dismissal of plaintiffs' federal claims was proper, so too was the dismissal of plaintiffs' pendent state claims. United Mine Workers v. Gibbs, 383 U.S. 715 (1966).
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 The actual decibel level on plaintiffs' properties is a disputed issue of fact. Plaintiffs allege that the level exceeds that permitted for residential land use or even for use as a cemetery and further allege that defendants' contrary claim results from tests performed at off-peak hours. For purposes of plaintiffs' state inverse-condemnation suit, this is a genuine issue of material fact. For purposes of this suit, however, it is not, because even if it is assumed that plaintiffs are correct, they will be afforded an adequate post-deprivation remedy in state court